| | | |
|---|---|---|
| ROBERT GENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:09-CV-84-F |
| | ) | |
| ANGELA CAROL SIMPSON, | ) | |
| *et al.*, | ) | |
| _____ | ) | |
| | | |
| ROBERT GENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:09-CV-153-F |
| | ) | |
| STEVEN BUTLER, SR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | | |
| ROBERT GENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:09-CV-180-F |
| | ) | |
| LOTERIA SHAVONE MARSH, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | | |
| ROBERT GENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |

1

| | | |
|---|---|---|
| v. | ) | 5:09-CV-181-F |
| | ) | |
| ONTARIO D'ANDEA | ) | |
| CHISHOLM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND RECOMMENDATION**

These matters have been referred to the undersigned to conduct frivolity reviews of three separate complaints filed by Plaintiff. The Court may dismiss actions that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from an entity that is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B) (West 2009). A case is frivolous if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). However, the court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Plaintiff, who is currently incarcerated, contends, *inter alia*, that Defendants committed perjury to obtain a search warrant. Including the instant complaints, Plaintiff has essentially filed these exact claims in five separate cases.[1] In each of these cases, Plaintiff's

---

[1] Plaintiff also raised these claims in a complaints filed in Case No. 5:09-CV-60-F. The undersigned has already entered a recommendation in that case that Plaintiff's complaint be dismissed as frivolous.

2

factual assertions are virtually identical, with the exception of the individual defendants that Plaintiff names. On April 1, 2009, in Bailey v. Gaddy, et al, 5:09-CV-60-F, Plaintiff was ordered by the undersigned to particularize his complaint because it was unclear whether his claims were related to ongoing criminal proceedings or crimes for which he has already been convicted. Plaintiff responded to the order to particularize on April 9, 2009 by indicating that his complaint relates to "violat[ions of his] . . . rights related to illegal charges pending." Furthermore, in Bailey v. Simpson, et al, 5:09-CV-84-F, Plaintiff was ordered to particularize his complaint no later April 27, 2009. As before, Plaintiff was instructed to clarify whether his claims related to ongoing criminal proceedings or crimes for which he has already been convicted. Plaintiff failed to respond to that order to particularize in a timely manner.

As an initial matter that Court notes that many of the individually named Defendants are employees of the North Carolina Division of Motor Vehicles License and Theft Bureau ("NC DMV"). Pursuant to the Eleventh Amendment of the United States Constitution, a State is immune from suits in federal courts that seek monetary damages. Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996). "This immunity extends to 'arms of the state,' including state agencies and state officers acting in their official capacity." Id. (internal citations omitted); see also, Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (indicating that a state official is not a "person" suable under 42 U.S.C. § 1983)). As a result, Plaintiff's claims against Defendants acting in their official capacity are barred.

Plaintiff seeks monetary damages for liability under 42 U.S.C. § 1983 for violations of his First, Fifth, Eighth, and Fourteenth Amendment rights as well as various federal

3

status.  He also asserts North Carolina State law claims.   Throughout his complaints, Plaintiff contends that Defendants committed "perjury" or the "subordination of perjury" in obtaining a search warrant.  However, Plaintiff has failed to specifically describe these alleged perjurious statements.  Section "1983 allegations that recite bare legal conclusions that are 'wholly devoid of facts,' are subject to dismissal." Bellamy v. Borders, 727 F. Supp. 247, 251 (D.S.C. 1989) (internal citation omitted).

Moreover, in his response to the undersigned's order to particularize, Plaintiff indicates that his complaints relate to "violat[ions of his] . . . rights related to illegal charges pending."  Generally, this court should abstain from interfering with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-44 (1971). A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In Younger, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir.1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44. From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has developed the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d

4

1392, 1396 (4th Cir.1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

Here, Plaintiff is involved in an ongoing state criminal proceeding; therefore, the first prong for abstention is satisfied. The second criterion has been clearly addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). With regard to the third criterion, " 'ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " Gilliam, 75 F.3d at 903 (quoting Kugler v. Helfant, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). Plaintiff has failed to demonstrate that he cannot vindicate his federal constitutional rights in state court. Therefore, even if Plaintiff had a viable § 1983 claim, this court should abstain from ruling during the pendency of his criminal case.

For these reasons, it is HEREBY RECOMMENDED that Plaintiff's claims in each of these cases be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 5th day of May, 2009.

_____
William A. Webb

U.S. Magistrate Judge